# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | **Case No.: 09-31231** |
| **David W. Berry, Sr.** ) | |
| **d/b/a** ) | |
| **Berry Construction,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. SECTION 362

OneBeacon Insurance Company ("OneBeacon") and Employers Fire Insurance Company ("EFIC") (collectively the "Insurer") moves pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Rules of Bankruptcy Procedure, that this Court grant the Insurer relief from the automatic stay of 11 U.S.C. § 362(a) so that it may commence and prosecute a third-party declaratory judgment and rescission action against David W. Berry, Sr. d/b/a Berry Construction ("Berry") in the civil action styled: Mt. Hawley Insurance Company v. MCMUSA, LLC, f/k/a MCMUSA, INC., Westchester Surplus Lines Ins. Co., Ohio Casualty Ins. Co., and One Beacon Insurance Co., C.A. No. 09-4252, now pending in the Middlesex County Superior Court (the "Civil Action"), to determine the Insurer's rights and obligations under general commercial liability insurance policies (the "Policies") issued to Berry for the periods between February 10, 2007 and February 10, 2008, February 10, 2008 and February 10, 2009, and February 10, 2009 and February 12, 2009.

In support of its Motion, the Insurer states as follows:

1.      In the Civil Action, the Plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley"), alleges that its insured, MCMUSA, LLC ("MCM"), is entitled to recover damages from Berry for construction related deficiencies under a subcontract that Berry entered into with

1

MCM. Mt. Hawley alleges in the Civil Action that in May, 2006, Alliance Imaging, Inc. ("Alliance") entered into a contract with MCM to design and build a 1500 square foot addition to the Riverbend Medical Center ("Medical Center"). Berry's contract with MCM provided that Berry would perform sitework, excavation, pouring of the foundation, installation of a "rain garden" and drainage system and patching of the parking lot at the Medical Center. As a result of Berry's alleged construction deficiencies, Mt. Hawley alleges that it is entitled to recover damages from OneBeacon under the Policies.

2. On February 6, 2007, the Insurer issued a general commercial liability insurance policy, One Pac Policy No. FB1U31717 ("One Pac Policy"), to Berry for the period between February 10, 2007 and February 10, 2008. The Policy was renewed for the periods between February 10, 2008 and February 10, 2009 and February 10, 2009 – February 12, 2009. EFIC is a wholly owned subsidiary of OneBeacon, however, EFIC issued the Policies to Berry, not OneBeacon. OneBeacon was improperly named as a party in the Civil Action. Therefore, this Motion for Relief from the Automatic Stay is filed on behalf of OneBeacon and EFIC.

3. The Insurer denies that it has any obligations under the Policies because (1) Berry made misrepresentations during the underwriting process entitling the Insurer to rescission of its policies; (2) the property damage for which MCM seeks compensation was a known loss prior to the renewal of the first policy issued to Berry; and (3) one or more of the exclusions contained in the Policies are effective to reduce or eliminate coverage.

4. On November 3, 2009, MCM moved for Relief from Stay in this proceeding to prosecute its third-party claims against Berry in the civil action styled: <u>Alliance Imaging, Inc. v. MCMUSA, LLC f/k/a MCMUSA, Inc. v. David W. Berry d/b/a Berry Construction, Newbury Design Services, Inc. and Ambient Engineering, Inc.</u>, C.A. No.: 08-0836C, now pending in the Middlesex Superior Court (the "Underlying Action"). In the Underlying Action, MCM seeks to

recover damages under the Policies issued to Berry by the Insurer. The Insurer is and has been providing a defense to Berry under a Reservation of Rights in the Underlying Action.

5. On November 20, 2009, the Court (Boroff, J.) allowed MCM's Motion For Relief From Stay to allow MCM to proceed with its third-party claims against Berry in the Underlying Action in order to recover under the Policies.

6. The Policies, which are a part of Berry's bankruptcy estate, are not necessary to an effective reorganization under Chapter 11 and therefore the Insurer requests relief from the automatic stay in order to commence and prosecute a third-party declaratory judgment and rescission action against Berry for a determination of the Insurer's rights and obligations under the Policies.

7. Berry is a necessary party in the Civil Action or is at least a party who maintains an interest in the Policies and, thus, has an interest in the Court's determination of the Insurer's rights and obligations under the Policies in the Civil Action.

8. The Insurer therefore believes that cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d).

WHEREFORE, OneBeacon and EFIC respectfully request that this Court enter and order:

1. A modification to the automatic stay to allow OneBeacon and/or EFIC to commence and prosecute a third-party declaratory judgment and rescission action against Berry to determine OneBeacon and EFIC's rights and obligations under the Policies; and

2. Grant such further relief to OneBeacon and EFIC as this Court deems just and as may be appropriate in the circumstances.

Respectfully submitted,

**ONE BEACON INSURANCE COMPANY,**
By its attorneys,

/s/ Kevin P. Polansky
Peter G. Hermes, BBO No. 231840
(phermes@hermesnetburn.com)
Kevin P. Polansky, BBO No. 666229
(kpolansky@hermesnetburn.com)
HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110-3113
(617) 728-0050 (Tel.)
(617) 728-0052 (Fax)

DATED:    12/18/09